UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MACHELLE MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:18-cv-04227-ELR-CMS |
| CLAYTON COUNTY PUBLIC | ) | |
| SCHOOLS[1], DR. PAM ADAMSON, | ) | |
| MARK CHRISTMAS, JESSIE GOREE, | ) | |
| OPHELIA BURROUGHS, MARY | ) | |
| BAKER, JUDY JOHNSON, ALIEKA | ) | |
| ANDERSON, and BENJAMIN STRAKER, | ) | |
| Individually and in their Capacity as Board | ) | |
| of Education Members for the Clayton | ) | |
| County Schools, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CLAYTON COUNTY PUBLIC SCHOOLS' SPECIAL APPEARANCE MOTION TO DISMISS[2] AND MEMORANDUM OF LAW IN SUPPORT THEREOF

## MOTION TO DISMISS

---

1 The correct name of the Defendant is the Clayton County School District.
2 To the extent the motion to dismiss is required to be filed as a motion for judgment on the pleadings ("MJOP"), Defendant respectfully requests that the District Court convert the motion to a MJOP. Fed.R.Civ.P. 12(c). The standard for a MJOP and motion to dismiss is the same. "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F.Supp. 1274, 1278 (N.D.Ga.1994). The law governing motions to dismiss is well-settled. Just as with a motion to dismiss, the complaint is required to contain "enough facts to state

Pursuant to Local Rule 7.1(A)(1) and Fed. R. Civ. P. 12(b)(1), (2), (4),(5), (6), as well as the applicable case law, CLAYTON COUNTY PUBLIC SCHOOLS, Defendant herein (hereinafter collectively referred to as "**Defendant CCPS**")[3], specially appears and files this, its Motion to Dismiss and Memorandum of Law in Support Thereof, asking the Court to dismiss Plaintiff's claims, as shown more fully below:

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

Plaintiff filed her Complaint for Damages on September 5, 2018.  (Doc. 1). Plaintiff never attempted to serve the Defendants.

Plaintiff's Complaint seeks relief against Defendants under 42 U.S.C. § 2000e, *et seq* ("Title VII"), 42 U.S.C. § 1981, and 29 U.S.C. § 206 (d) ("Equal Pay Act"), and for state law claims of libel and slander (against Goree and Anderson), and intentional infliction of emotional distress.  (Doc. 1, ¶¶ 1, 48, 52-54, 56-57.)  Plaintiff has alleged that she has been discriminated against on the basis of her sex and race.  (Doc. 1, ¶ 1.)

Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6), this action against the Defendant should be dismissed.  For instance, Plaintiff failed to exhaust administrative

---

a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).
[3] Defendant Clayton County Public Schools has not been served with the Complaint and Summons to date. Clayton County Public Schools has not waived service.

remedies for any claims based on race under Title VII. She also has no § 1981 claim, no claim for punitive damages and sovereign immunity bars any Georgia tort claim. In addition, Plaintiff failed to satisfy pleading standards as to her claims of intentional infliction of emotional distress, punitive damages, and the Equal Pay Act4.  Finally, the school district has never been served pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), and as a result must be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    Standard of Review.

To survive dismissal for failure to state a claim, "a plaintiff's obligation [is] to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Crop. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The complaint's allegations must plausibly suggest that the plaintiff has a right raising that possibility above a speculative level. Id. at 1965. If the plaintiff does not, then the complaint must

---

4 Defendant does not interpret Plaintiff's complaint to assert an Open Meetings Act violation claim against it.  To the extent such a claim is asserted, it is subject to dismissal due to the statute of limitations bar.  Under the statute, any alleged violation of the GOPMA must be filed within 90 days of the alleged violation. O.C.G.A. § 50-14-1(b)(2). Here, Plaintiff alleges that Defendant violated the GOPMA on February 1, 2016. Nevertheless, this lawsuit was not filed until September 5, 2018 — more than two (2) years after the alleged violation.  As such, Plaintiffs Georgia Open and Public Meetings Act claim is untimely. See, e.g., Tisdale v. City of Cumming, 326 Ga. App. 19, 22-23, 755 S.E.2d 833 (2014)

be dismissed. <u>See</u> <u>Id</u>. at 1974. ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.") "[T]he Court in <u>Iqbal</u> explicitly held that the <u>Twombly</u> plausibility standard applies to all civil actions . . . because it is an interpretation of Rule 8." <u>American Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010).

The Eleventh Circuit has established a two-pronged approach to applying the pleading principles adopted in <u>Twombly</u> and <u>Iqbal</u>. First, a court must "eliminate any allegations in the complaint that are merely legal conclusions" unsupported by factual allegations. <u>American Dental Ass'n</u>, 605 F.3d at 1290. Second, "where there are well-pleaded allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" <u>Id</u>. If the factual allegations in a complaint do not permit an inference beyond the mere *possibility* of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). Indeed, a complaint must assert a factual narrative that is plausible enough to demonstrate a reasonable chance that the plaintiff can substantiate his or her claims. <u>Id</u>. Further, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. <u>Pierre v. City of Atlanta</u>, No. 114CV04043SCJJFK,

---

(affirming the dismissal of Georgia Open Meeting Act claim where the plaintiff failed to file lawsuit within 90 days of the meeting at issue).

2015 WL 13646691, at *2 (N.D. Ga. Apr. 9, 2015), report and recommendation adopted, No. 1:14-CV-4043-SCJ-JFK, 2015 WL 13647379 (N.D. Ga. Apr. 28, 2015) ("Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law.") (citations omitted); see also, Marshall Cnty. Bd. of Educ. v. Marshall County Gas. Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In the instant case, Defendant acknowledges that the district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint.  See Fed.R.Civ.P. 12(b).  However, the Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment "if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir.2002).  A document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, the Court may consider such a document provided it meets the centrality requirements.  Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2. (11th Cir.1999).  Further, when "the Plaintiff refers to certain documents in the complaint and those documents are central to the Plaintiff's claim, then the Court may consider those documents part of the pleadings…" Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1369 (11th Cir. 1997); see also, Fed.R.Civ.P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other

pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Chesnut v. Ethan Allen Retail, Inc., 971 F.Supp.2d 1223, 1228 (N.D. Ga 2013) ("In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading.").

Plaintiff alleged that she filed a timely charge related to the allegations in her Complaint with the EEOC and that she received a Notice of Right to Sue from the EEOC and "has complied with all other conditions precedent to the institution of this lawsuit." (Doc. 1, ¶ 2.) Therefore, copies of the Plaintiff's EEOC Charge, filed June 15, 2016, and the EEOC's Notice of Right to Sue letter, dated June 7, 2018, are attached as **Exhibit 1** in Doc. 11-1 and Doc. 16-1

B.   **Plaintiff's Claims Are Barred by the Lack of Personal Jurisdiction**.

1.   Plaintiff never served the School District nor requested a waiver.

Plaintiff's lawsuit against the Defendant must be dismissed. Fed.R.Civ.P. 12(b)(2), (4), and (5). Service must be perfected personally upon the defendant as provided by Georgia law. Here, service of the complaint and summons has not been perfected on the Defendant. It is undisputed that there has been no waiver of any service of summons. There is no reasonable explanation for the failure to serve the Defendant.

Because the Plaintiff has sued the Clayton County School District. O.C.G.A.§

9-11-4(e)(5) applies.  The School District is not a county, municipality, city or town. Since the School District is an "other public body," service of process must consist of the complaint and summons being served on the "chief executive officer or clerk thereof."  O.C.G.A. § 9-11-4(e)(5).  The superintendent is the executive officer for the school district.  O.C.G.A. § 20-2-109.  Here, the superintendent has never been served with the complaint and summons.

Fed.R.Civ.P.4(m) requires that service of a complaint shall be made within ninety (90) days of the filing of the complaint.  Such service has not been perfected.

However, the Plaintiff has never attempted to perfect service in this case nor has she requested that the School District waiver the service of the summons and complaint.  As a result, the District Court lacks personal jurisdiction over this Defendant and Plaintiff's complaint against the Defendant must be dismissed pursuant to Fed. R. Civ. P. § 9-11-12(b)(2), (4), and (5).

### C.    **Plaintiff's Claims Are Barred by the Statute of Limitations.**

#### 1.    Equal Pay Act Claim.

##### a.    Statute of Limitations bars the EPA claim

The Equal Pay is subject to a two-year statute of limitations unless the claim is based on a willful violation of the Equal Pay Act ("EPA").  See 29 U.S.C. § 255.  If the claim is based on a willful violation of the Equal Pay Act, then the statute of limitations is three years.  Id.; Slattery v. Precision Response Corp., 167 F. App'x 139,

143 n. 1 (11th Cir. 2006).  A Plaintiff may only recover for the discriminatory pay, the discrete acts of discrimination, that is received within the statutory period of limitations.  Id.; Ledbetter v. Goodyear Tire & Rubber Co., 421 F.3d 1169, 1180 n. 15 (11th Cir. 2005), aff'd, 550 U.S. 618, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007), overturned on other grounds due to legislative action (Jan. 29, 2009).

Plaintiff has not alleged a willful violation of the Equal Pay Act in her Complaint (Doc. 1).  Therefore, any claim for an alleged violation of the Equal Pay Act prior to September 5, 2016, two years prior to the filing of her Complaint, should be dismissed.  Since Plaintiff's contract was not renewed for the 2016-2017 school year, she could not have been working for Clayton County Public Schools in September of 2016, and therefore has no claim under the Equal Pay Act that falls within the two-year statute of limitations. Her EEOC Charge clearly stated that her position ended on June 30, 2016 (Ex. 1). The Plaintiff had to file her EPA claims in the complaint by June 30, 2018.  In this case, she failed to do so.  As a result, the EPA claim should be dismissed.

b.   Equal Pay Act claims are not tolled by filing a charge with the EEOC.

A claim under the EPA is independent of a claim brought pursuant to Title VII. Stansell v. Sherwin-Williams Co., 404 F.Supp. 696, 701 (N.D.Ga. 1975).  Further, the EPA does not require administrative exhaustion.  See County of Washington v.

8

Gunther, 452 U.S. 161, 175 n. 14, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981).  Therefore, the filing of a charge with the EEOC for Title VII discrimination does not toll Plaintiff's claims under the Equal Pay Act.  Stansell, 404 F.Supp. at 701.  As a result, the above-referenced statute of limitations period for the Equal Pay Act are applicable here in barring Plaintiff's claims under that Act.

> 2.      State Law Tort Claims.

> > a.      Sovereign immunity bars any Georgia tort claim.

All of Plaintiff's tort claims are barred by the sovereign immunity.  Even accepting all of Plaintiff's allegations as true, the allegations asserted in the Complaint fail to state a claim for relief against Defendant under clearly-established Georgia law. Simply put, the School District is not subject to suit absent a statutory waiver of sovereign immunity.  Plaintiff has not alleged any such waiver.  In fact, no such waiver exists.

Pursuant to O.C.G.A. § 9-11-12(b)(1), Defendant raises the defense of sovereign immunity as a plea in abatement challenging the Plaintiff's proof of waiver of sovereign immunity in this action.  Georgia Constitution Article I, Section II, Paragraph IX requires a waiver of sovereign immunity before any action can be brought against a school district.  See Hennessy v. Webb, 245 Ga. 329, 264 S.E.2d 878 (1981), superseded on other grounds, Brantley v. Department of Human Res., 271 Ga. 679, 523 S.E.2d 571 (1999); Bitterman v. Atkins, 217 Ga. App. 652, 654, 458 S.E.2d

688, 690 (1995).  This immunity applies to school districts, and Plaintiff has not alleged any waiver of sovereign immunity.  Because there is no waiver of sovereign immunity, the District Court lacks subject matter jurisdiction over CCPS.

Pursuant to Fed.R.Civ.P. 12(b)(1), a defendant can move to dismiss a complaint for lack of subject matter jurisdiction, which is a matter in abatement.  See James v. Georgia Dept. of Public Safety, 337 Ga. App. 864, 867, 789 S.E.2d 236 (2016); Dept. of Transp. v. DuPree, 256 Ga. App. 668, 671, 570 S.E.2d 1 (2002).  The Georgia Court of Appeals has made the following statement with respect to such matters:

> Sovereign immunity of a state [entity] is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and waiver of sovereign immunity must be established by the party seeking to benefit from that waiver; thus, the [Plaintiff has] the burden of establishing waiver of sovereign immunity.

Id., citing Board of Regents v. Daniels, 264 Ga. 328, 329, 446 S.E.2d 735 (1994).  The Court further stated:

> Jurisdiction of a Court to afford the relief sought is a matter which should be decided preliminarily, at the outset. Jurisdiction either exists or does not exist without regard to the merits of the case . . . .  Thus, when a court either has or lacks subject matter jurisdiction, despite any conflict in the facts, the trial court should as a threshold issue determine its jurisdiction.

Id. at 671-672 (emphasis added, citations omitted).

The Supreme Court of Georgia has further indicated that it is essential for courts

to decide with respect to the existence of sovereign immunity at the earliest possible time in the case.  Cameron v. Lang, 274 Ga. 122, 126, 549 S.E.2d 341 (2001).  Since a plaintiff is required to show the waiver of sovereign of immunity as a prerequisite to his or her right to sue, Plaintiff in this case should be made to present sufficient evidence to overcome the burden of proof at this time. She cannot do so and her state law claims must be dismissed because they are barred by sovereign immunity.

i.   No Tolling for State Law Claims Either.

It is also well-established that state law tort claims are not tolled while a plaintiff is pursuing administrative remedies with the EEOC.  Simmons v. Mobile Infirmary Medical Center, 391 F.Supp.2d 1124, 1131 (S.D.Ala.2005); see also Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 466, 95 S .Ct. 1716, 44 L.Ed.2d 295 (1975) (limitations period for § 1981 claim not tolled during the time the EEOC conducted an administrative hearing on the Title VII claim as the two claims are separate and distinct).

b.   Libel and Slander.

Plaintiff's state law tort claims of libel and slander are subject to a one-year statue of limitations.  O.C.G.A. § 9-3-33; Torrance v. Morris Pub. Grp. LLC, 281 Ga. App. 563, 567 (2006); Hammock v. Wal-Mart Stores, Inc., No. 1:10-CV-4119-SCJ, 2012 WL 12832385, at *2 (N.D.Ga. 2012).  Since Plaintiff's claims for libel and slander are more than one year old (she has not been employed with CCPS since June,

2016), they must be dismissed.

c.    <u>Intentional Infliction of Emotional Distress</u>.

Intentional infliction of emotional distress claims is subject to a two-year statute of limitations.  O.C.G.A. § 9-3-33.  <u>Wilcoxson v. Matthews</u>, No. 3:15-CV-116 (CDL), 2016 WL 9753355, at *6 (M.D.Ga. 2016); <u>Risner v. R.L. Daniell & Assocs., P.C.</u>, 231 Ga. App. 750, 752 (1998).  Since Plaintiff's alleged claim of intentional infliction of emotion distress accrued prior to two years before the filing of this lawsuit, her claim should be dismissed.

**D. <u>Plaintiff Has Failed to State a Claim For Which Relief May Be Granted</u>.**

1.    <u>Equal Pay Act Claim</u>.

To the extent Plaintiff's EPA claim is not barred by the applicable statute of limitations (and it is), Plaintiff has failed to sufficiently plead a violation of the EPA. "An employee demonstrates a prima facie case of an Equal Pay Act violation by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions."  <u>Steger v. Gen. Elec. Co.</u>, 318 F.3d 1066, 1077-78 (11th Cir. 2003) (citations omitted).

Plaintiff failed to allege a prima facie case for a violation of the EPA.  In fact, she has merely made a conclusory allegation in her Complaint in passing: "Plaintiff

was paid less that [sic] her male counterpart, all in violation of the Equal Pay Act."
(Doc. 1, ¶ 40.)  She does not allege what position the male counterpart had or whether
his job required the same skill, effort, and responsibility.  Instead, she vaguely alleged
a recitation of some of the elements of a claim under the Equal Pay Act.  This does not
satisfy the <u>Twombly/Iqbal</u> pleading standards and her claim under the Equal Pay Act
should therefore be dismissed.

       2.    <u>Title VII Claim</u>.

          a.    <u>Plaintiff failed to exhaust administrative remedies for race claim</u>.

Before a plaintiff may pursue a discrimination claim under Title VII, she must
first exhaust her administrative remedies by filing a charge of discrimination with the
EEOC.  <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d. 1314, 1317 (11th Cir. 2001).

Plaintiff has failed to her exhaust administrative remedies for any claim of
discrimination based on race because no such claims were ever brought before the
EEOC.  (See Ex. 1).  Therefore, any claim of discrimination based on race should be
dismissed.

       3.    <u>Section 1981 Claim</u>.

          a.    <u>Plaintiff cannot bring a Section 1981 claim</u>.

Plaintiff's claim pursuant to 42 U.S.C. § 1981 is not permitted against
governmental defendants.  <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701,

731-32, 109 S.Ct. 2701, 2721 (1989); <u>Butts v. County of Volusia</u>, 222 F.3d 891, 894-95 (11th Cir. 2000); <u>Vason v. City of Montgomery</u>, 240 F. 3d 905, 906 n.1 (11th Cir. 2001) (affirming <u>Butts</u>.)  Under <u>Jett</u> and <u>Butts</u>, 42 U.S.C. § 1983 provides the sole remedy against state actors, as opposed to private sector defendants, for alleged violations of the rights contained in 42 U.S.C. § 1981.  "<u>Jett</u> therefore determined § 1981 did not contain a cause of action against state actors." <u>Butts</u>, 222 F.3d at 893. Based on the foregoing, any claim under 42 U.S.C. § 1981 must be dismissed.

4.    <u>Plaintiff's Intentional Infliction of Emotional Distress (IIED) Fails</u>.

Even if Plaintiff's state law tort claims somehow are not dismissed because of the statute of limitations and/or sovereign immunity (and they are), she still cannot prevail on a claim for intentional infliction of emotional distress because she failed to adequately plead an IIED claim, as follows:

1.    The conduct giving rise to the claim was intentional or reckless;
2.    The conduct was extreme and outrageous;
3.    The conduct caused the emotional distress; and
4.    The emotional distress was severe.

<u>Ashman v. Marshall's of MA, Inc.</u>, 244 Ga. App. 228, 229 (2000).

To be actionable, conduct must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community."  <u>Id</u>. The court may consider "the existence of a relationship where one person has control over another, the actor's awareness of the victim's particular susceptibility, and the

14

severity of the resultant harm." Id. at 229-30.  Further, a plaintiff must show that "the [D]efendant's actions were so terrifying or insulting as…to humiliate, embarrass, or frighten the plaintiff."  Georgia Power v. Johnson, 155 Ga. App. 862, 863, 274 S.E.2d 17 (1980).

The issue of whether the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question for the court to decide as a matter of law.  Vance v. Southern Bell Telephone Co., 983 F.2d 1573, 1575, n. 7 (11th Cir. 1993).  The Southern District in Florida, analyzing Florida's state law on intentional infliction of emotional distress, which is consistent with the same law in Georgia, has found that such a claim could not be made when there existed verbal abuse, threats to withhold economic benefits, and illegal termination of a disabled employee.  Fernandez v. Cmty. Asphalt, Inc., 934 F. Supp. 418, 423 (S.D. Fla. 1996).

The behavior attributed to the Defendant in this case cannot reasonably be characterized as humiliating, insulting, or terrifying.  And Plaintiff has certainly not alleged behavior that is extreme and outrageous to the extent that it would be considered atrocious and utterly intolerable in a civilized community.  Plaintiff's basis for her claim of intentional infliction of emotional distress is her non-renewal which she alleges was without reason.  She has not pleaded sufficient facts to meet the Twombly/Iqbal standard and this claim should be dismissed.

5.      <u>Punitive Damages Claim is barred against a public entity</u>

Plaintiffs' punitive damages claim against the Defendants fail as a matter of law. It is well-settled that governmental entities cannot be sued for punitive damages.  <u>See</u> 42 U.S.C. § 1981a(b)(1); <u>Freeman v. City of Riverdale</u>, No. 1:06-cv-2230-WSD-LTW, 2007 WL 1129004 *2 (N.D. Ga. Apr. 16, 2007).  In <u>Newport v. Fact Concerts,</u> 453 U.S. 247, 263-264 (1981), the United States Supreme Court held that a municipality is immune from punitive damages under 42 U.S.C. § 1983. <u>See also</u>, <u>Healy v. Town of Pembroke Park</u>, 831 F.2d 989, 991 (11th Cir. 1987). Courts have since relied on <u>Newport</u> and held that punitive damages are not available under §1983 generally.  <u>See, e.g.</u>, <u>Ferguson v. Atlanta Indep. Sch. Sys.</u>, No. 1:08-CV-28-TCB, 2009 WL 10671360, at *1 (N.D. Ga. June 29, 2009); <u>Lacy v. Clayton Cty.</u>, No. 1:18-CV-3464-TWT, 2018 WL 4899431, at *3 (N.D. Ga. Oct. 9, 2018).  The same rule applies for punitive damage claims under Georgia law.  <u>MARTA v. Boswell</u>, 261 Ga. 427, 428, 405 S.E.2d 869 (1991).

What's more, there is a dearth of factual allegations against the Defendants to give rise to any punitive damage claim, see <u>Twombly</u>.  The standard for punitive damage claims is reckless or callous disregard of the rights or safety of others.  <u>Smith v. Wade</u>, 461 U.S. 30, 37, 103 S.Ct. 1625 (1983).   Here there are no factual allegations giving rise to a plausible claim of punitive damages under the standards set forth in <u>Twombly/Iqbal</u>.  Based on the foregoing, the punitive damage claims must be

dismissed.

## CONCLUSION

For the reasons set forth above, the Defendant named herein respectfully request that this Court grant its Motion to Dismiss under Fed. R. Civ. P. 12(b) (1), (2), (4), (5) and (6) and dismiss all of Plaintiff's claims against them.

Respectfully submitted this 20th day of December, 2018.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants

*/s/  Randall C. Farmer*
Randall C. Farmer
Georgia Bar No. 255345

49 Atlanta Street
Marietta, GA  30060
Tel:  (770) 422-1776
E-mail: rfarmer@gregorydoylefirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that **SPECIALLY APPEARING DEFENDANT CLAYTON COUNTY PUBLIC SCHOOLS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** was prepared in Times New Roman, 14 Point font, in compliance with Local Rule 7.1(D).

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants

*/s/ Randall C. Farmer*
Randall C. Farmer
Georgia Bar No.: 255345

49 Atlanta Street
Marietta, GA  30060
Tel:  (770) 422-1776
E-mail: rfarmer@gregorydoylefirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing **SPECIALLY APPEARING DEFENDANT CLAYTON COUNTY PUBLIC SCHOOLS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** using CM/ECF, which will automatically send email notification of such filing to the following attorney of record:

George O. Lawson, Jr., Esq.
Lawson & Thornton, P.C.
Waterstone Tower
4751 Best Road
Suite 208
Atlanta, Georgia 30337
geolawson@ltlawfirm.net

This 20th day of December, 2018.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants

*s/ Randall C. Farmer*
Randall C. Farmer
Georgia Bar No. 255345

49 Atlanta Street
Marietta, GA  30060
Tel:  (770) 422-1776
E-mail: rfarmer@gregorydoylefirm.com

2493324_1.doc