IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MACHELLE MATTHEWS,<br><br>      Plaintiff , <br><br>    v.<br><br>CLAYTON COUNTY PUBLIC SCHOOLS, DR. PAM ADAMSON, MARK CHRISTMAS, JESSIE GOREE, OPHELIA BURROUGHS, MARY BAKER, JUDY JOHNSON, DR. ALIEKA ANDERSON, and BENJAMIN STRAKER, *Individually and in their Capacity as Board of Education Members for the Clayton County Schools*,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br><br>1:18-CV-04227-ELR-CMS |

## FINAL REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the following motions:

(1)    Motion to Dismiss [Doc. 11] filed by individual defendants Dr. Pam Adamson, Mark Christmas, Jessie Goree, Ophelia Burroughs, Mark Baker, Judy Johnson, Alieka Anderson, and Benjamin Straker (hereinafter, Board Member Defendants");

(2)    Board Member Defendants' Second Motion to Dismiss [Doc. 14];

(3)    Defendant Dr. Pam Adamson's Motion to Dismiss [Doc. 15];

(4)     Defendant Clayton County Public Schools' ("CCPS's")[1] Motion to Dismiss [Doc. 18]; and

(5)     Defendants' Motion to Stay Discovery [Doc. 19].

Plaintiff, who is represented by counsel, has not responded to any of the motions, and the time for doing so has passed.  Accordingly, the Court deems Defendants' motions unopposed.  See Local Rule 7.1(B), NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

## I.     **Defendants' Motion to Stay Discovery and Pretrial Deadlines [Doc. 19]**

Under Local Rule 16.1, the parties are required to conduct a Rule 26(f) conference within sixteen (16) days after the appearance of a defendant by answer or motion.  LR 16.1, NDGa.  If the case does not settle at the Rule 26(f) conference, a completed joint preliminary report and discovery plan must be filed within 30 days after the appearance of the first defendant by answer or motion or within 30 days after a removed case is filed in this court.  LR 16.2.  The discovery period does not commence until 30 days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier.  LR 26.2.

---

[1] Defendant CCPS states that its correct name is the Clayton County School District.  [Doc. 18 n.1].

As noted above, Plaintiff has not filed a brief opposing Defendants' motion to stay pretrial deadlines and discovery.  The Court has considered Defendants' motion and concludes that good cause exists to stay these deadlines pending the Court's consideration of Defendants' motions to dismiss.  Accordingly, Defendants' Motion to Stay [Doc. 19] is **GRANTED**.  The Court **STAYS** the parties' obligations to comply with the pretrial deadlines described herein.  In the event the Court denies any of Defendants' motions to dismiss, the remaining parties shall comply with all preliminary mandates of the federal and local rules within **TWENTY-ONE (21) DAYS** of the Court's order denying such motion(s).

## II.   Defendants' Motions to Dismiss

### A.   Background[2]

_____

[2] Unless otherwise indicated, this section applies to all of the motions to dismiss that are currently before the Court.  [Docs. 11, 14, 15, 18].  The facts are drawn from the allegations in Plaintiff's Complaint, which I have accepted as true for purposes of resolving the pending motions to dismiss.  The Court has also taken the parties' exhibits into consideration in reviewing the merits of Defendants' motions to dismiss (without converting the motions to motions for summary judgment) because in Plaintiff's Complaint, Plaintiff refers to the information memorialized in the exhibits, the documents are central to Plaintiff's claims, and the authenticity of the documents has not been challenged.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").  A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion

Plaintiff started working for the CCPS as an assistant principal at Forest Park High School in school year 1999-2000 .  [Compl. ¶ 16].  According to the Complaint, for the next fifteen school years,  Plaintiff consistently received proficient to exemplary job evaluations, and was recommended each year for renewal of her employment contract.    [Id. ¶¶  18,  20].   In 2014-2015, Plaintiff was promoted to Assistant Superintendent and was assigned to the CCPS schools most in need of improvement. [Id. ¶ 17].  At all relevant times, Luvenia Jackson was Superintendent.  [Id.].

At some [unidentified] point during the school year 2015-2016, Superintendent Jackson evaluated Plaintiff's performance, recommended that her contract be renewed for school year 2016-2017, and submitted Plaintiff's name to the Clayton County Board of Education ("Board") for approval (along with the names of all the other personnel who were being recommended for renewal of their employment contracts).  [Compl. ¶ 21].

At the February 1, 2016  Board meeting, when Plaintiff's contract was submitted for renewal, the Board convened an executive session to discuss personnel matters, as authorized by the Georgia Open and Public Meetings Act.  [Compl. ¶ 22].  After

---

into a Rule 56 motion.  Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

4

discussion, the Board rejected the Superintendent's request that Plaintiff's contract be renewed, and Plaintiff was verbally advised of the Board's decision on February 3, 2016.  [Id. ¶ 24].   On February 8, 2016, Plaintiff's attorney sent CCPS a letter requesting a written explanation as to the reason Plaintiff's contract was not renewed. [Id. ¶ 25].  In response, Superintendent Jackson, on behalf of the Board, wrote, "[t]he Clayton County Board of Education did not renew your employment as an assistant superintendent because it had lost faith in your judgment and leadership as well as for work performance concerns."  [Id.].

Pursuant to an Open Records Act request, Plaintiff learned that CCPS did not have on file an evaluation of Plaintiff's performance for school year 2015-2016, and therefore surmises that the Board did not review that year's performance evaluation prior to making its decision not to renew Plaintiff's contract for the position of assistant superintendent.  [Compl. ¶ 32].

Plaintiff alleges that the real reason her contract was not renewed was discriminatory disparate treatment on the bases of her sex and race.  [Compl. ¶ 38]. Plaintiff alleges that her claim is supported by "Plaintiff having been falsely accused of impropriety with a fellow male employee when, in fact, no such impropriety occurred," as determined by a subsequent investigation.  [Id.].  Plaintiff alleges that by contrast, when a male coworker (who held the same position as Plaintiff) was accused of sexual

5

impropriety with a coworker, his contract was renewed.  [<u>Id.</u> ¶ 39].  Plaintiff alleges that she was also paid less than a male counterpart, in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) ("Equal Pay Act").  [<u>Id.</u> ¶ 40].  Plaintiff further alleges that individual defendants Jessie Goree and Dr. Alieka Anderson are liable for slander per se for making disparaging remarks about Plaintiff in a public setting, and that all Defendants are liable for intentional infliction of emotional distress for not renewing her contract.  [<u>Id.</u> ¶¶ 42, 56].

In paragraph 41 of her Complaint, Plaintiff alleges that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and subsequently received her EEOC right-to-sue notice.  [<u>Id.</u> ¶ 41].  The docket indicates that Plaintiff filed her Complaint in this Court on September 5, 2018.  [Doc. 1, Compl.].

Plaintiff's Complaint asserts the following three counts for relief:  Count One for race and sex discrimination against all Defendants in violation of Title VII and Section 1981; Count Two for libel and slander against individual defendants Jessie Goree and Dr. Alieka Anderson; and Count Three, intentional infliction of emotional distress against all Defendants individually and collectively for not renewing Plaintiff's contract of employment.  [Compl. at 20-27].

Defendants filed all of the motions currently pending before this Court in December 2018, and, as noted above, Plaintiff has failed to respond to any of them.

6

Accordingly, the motions are deemed unopposed. LR 7.1(B). However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (stating that on an unopposed motion for summary judgment, the district court's order should "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, No. 1:11-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion-to-dismiss context). Therefore, the Court has considered the merits of Defendants' motions to dismiss against the claims that Plaintiff has asserted in her Complaint.

### B.    Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) (internal quotation marks omitted)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (internal quotation marks,

7

bracket, and citation omitted).   "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

"Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss."  See Duble v. FedEx Ground Package Sys., Inc., 572 F. App'x 889, 892 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2379 (2015).  Under Title VII, a plaintiff is required to first exhaust the available administrative remedies by filing a charge of discrimination with the EEOC before filing a lawsuit in federal court.  See 29 U.S.C. § 626(d)(2); Bost v. Federal Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004).  In a non-deferral state such as Georgia, the plaintiff must file the EEOC charge within 180 days of the date of the alleged discrimination.  Bennett v. Chatham County Sheriff Dep't, 315 F. App'x 152, 161 (11th Cir. 2008); Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 448 (11th Cir. 1993); see also 42 U.S.C. § 2000e-5(e)(1). Charges are deemed to be filed with the EEOC upon receipt.  29 C.F.R. § 1601.13(a). Failure to file the charge within 180 days of the alleged unlawful employment practice bars the claim.  Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled in part on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc).

8

### C.     Board Member Defendants' First Motion to Dismiss [Doc. 11]

The Board Member Defendants' first motion to dismiss seeks dismissal of Plaintiff's federal claims of sex and race discrimination under Title VII and her Equal Pay Act claim, as well as Plaintiff's state law tort claims.  [Doc. 11 at 2].

### 1.     Title VII Claims

### a.  No Individual Liability

The Board Member Defendants first argue that Plaintiff's claims against them in their individual capacities for race and sex discrimination pursuant to Title VII must be dismissed because relief granted under Title VII is only against the employer, not individuals.  [Doc. 11 at 9].  This is a correct statement of the law.

The Eleventh Circuit has repeatedly held that suits against individuals are not allowed under Title VII.  See Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (stating that individuals "cannot be held liable under ... Title VII"); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are ... inappropriate").

As noted above, Plaintiff has offered no response in opposition to the Board Member Defendants' motion to dismiss.  Plaintiff's Complaint names the Board Member Defendants "Individually and in their Capacity as Board of Education

Members for the Clayton County Schools." [Doc. 1, Compl., at 1].  Because individual liability is precluded for violations of Title VII's employment discrimination provisions, I **RECOMMEND** that the Board Member Defendants' motion to dismiss Plaintiff's Title VII claims against them in their individual capacities [Doc. 11 at 9-10] be **GRANTED**, and that Plaintiff's Title VII claims against them individually be dismissed.

### b.    Official Capacity Title VII Claims

The Board Member Defendants contend that the Title VII claims against them in their official capacities should also be dismissed because suits against local government officers sued in their official capacity and a direct suit against the local government unit are "functionally equivalent," redundant, and/or superfluous.   See Busby, 931 F.2d at 776; Cook v. Randolph County, Ga., 573 F.3d 1143, 1149 (11th Cir. 2009) (affirming dismissal of official-capacity claims asserted under 42 U.S.C. § 1983 where "functionally equivalent" claims remained against the county).

As the Supreme Court has noted, "Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)); accord Yeldell v. Cooper

10

Green Hosp., Inc., 956 F.2d 1056, 1060 (11th Cir. 1992).

While official-capacity suits against an employer's agents are not improper, such suits are unnecessary where, like here, the plaintiff has also sued the employer.  In other words, if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action. Moss v. W&A Cleaners, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."); Marshall v. Miller, 873 F. Supp. 628, 632 (M.D. Fla. 1995) (dismissing as superfluous employee's claims against individual defendants in their official capacities where sheriff in his official capacity could adequately represent the department).  While the redundancy does not necessarily require the court to dismiss the unnecessary official capacity claims, the two claims are likely to be confusing to a jury.  See Busby, 931 F.2d at 776.

In this case, Plaintiff has directly sued the CCPS and also the individual Clayton County Board of Education members in their official capacities.  To eliminate this redundancy and possible confusion, **I RECOMMEND** that the redundant Title VII official capacity claims against the Board Member Defendants be dismissed.  See Haugabrook v. Cason, No. 7:10-CV-60 (HL), 2010 WL 4823485, at *2-3 (M.D. Ga.

11

Nov. 22, 2010) (dismissing individual school board member defendants sued in their official capacities from employment discrimination lawsuit on a motion to dismiss where school district was also sued, on the basis that official capacity suits were suits against the school district and were redundant).

### c.  Failure to Exhaust Administrative Remedies for Race Claim

The Board Member Defendants next argue that Plaintiff's Title VII race discrimination claim should be dismissed for failure to exhaust administrative remedies.  [Doc. 11 at 10].  This is an additional, independent ground for dismissal.

Where, like here, a defendant has specifically and with particularity raised the exhaustion issue in a motion to dismiss, the plaintiff bears the burden of proving that the conditions precedent to suit have been satisfied.  See Ogletree v. Necco, No. 1:16-cv-01858-WSD-AJB, 2016 WL 11467577, at *6 (N.D. Ga. Nov. 9, 2016) (citing Bloodworth v. Colvin, 17 F. Supp. 3d 1245, 1253 (N.D. Ga. 2014) (Batten, J.); Goodridge v. Astrue, No. 1:07-cv-1919-RLV-RGV, 2008 WL 8691093, at *3 (N.D. Ga. Mar. 20, 2008); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) (holding that once the defendant pleads and proves failure to exhaust, the plaintiff bears the burden of pleading and proving facts supporting equitable avoidance of the defense)), adopted by 2016 WL 7010869 (N.D. Ga. Nov. 30, 2016).

AO 72A
(Rev.8/82)

Plaintiff has failed to meet her burden.   As the Board Member Defendants correctly argue, Plaintiff's EEOC charge does not include any mention of race discrimination.   [Doc. 16-1 at 1, EEOC charge].   In the area of the EEOC charge form for indicating the bases for Plaintiff's claim of discrimination, the box for race discrimination is not checked; only the boxes for sex discrimination and violation of the Equal Pay Act are checked.[3]   [Id.].   Nowhere in Plaintiff's EEOC charge does she even suggest that she was discriminated against or treated differently because of her race.

A Title VII complaint may encompass only the kinds of discrimination like or related to the specific allegations contained in the EEOC charge.   See Green v. Elixir Indus., Inc., 152 F. App'x 838, 841 (11th Cir. 2005) (harassment claim not like or reasonably related to discriminatory termination claim); Edmonds v. Southwire Co.,

---

[3]   A charging party's failure to check the appropriate box on the EEOC charge of discrimination form indicating what she believes to be the basis for the discrimination (i.e. race, color, sex, disability, retaliation, national origin, age, or religion) does not bar a plaintiff from litigating a claim so long as the factual allegations in the EEOC charge are sufficient.   Houston v. Army Fleet Servs., LLC, 509 F. Supp. 2d 1033, 1042 (M.D. Ala. 2007) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462-63 (5th Cir. 1970) ("we decline to hold that the failure to place a check mark in the correct box is a fatal error")).   However, in Plaintiff's case, Plaintiff not only failed to check the box for race discrimination; she also failed to allege any facts in her EEOC charge that could reasonably have been extended to encompass her claim for race discrimination.

13

No. 3:14-cv-00032-TCB-RGV, 2014 WL 5804527, at *5 (N.D. Ga. Nov. 10, 2014) (harassment claim not like or reasonably related to discriminatory termination and failure-to-accommodate claims).  Plaintiff's claim for Title VII race discrimination is not "like or related to" the claim for sex discrimination alleged in Plaintiff's EEOC charge.  See Butler v. Matsushita Commc'n Indus. Corp. of U.S.A., 203 F.R.D. 575, 581 (N.D. Ga. 2001) (holding that claims of discriminatory benefits and other terms and conditions of employment alleged in complaint were not reasonably related to claims of denial of promotion in EEOC charge); Mack v. W.R. Grace Co., 578 F. Supp. 626, 632 (N.D. Ga. 1983) (noting that Title VII claims of discrimination with regard to salary, promotions, and training were not exhausted by charge alleging only discriminatory termination).

Accordingly, for the reasons stated, I **RECOMMEND** that the Board Member Defendants' motion to dismiss Plaintiff's Title VII claim for race discrimination be **GRANTED** for failure to exhaust administrative remedies.

### 2.     Equal Pay Act Claim

Plaintiff's Complaint does not assert a separate claim for violation of the federal Equal Pay Act.  Instead, Plaintiff merely makes a passing reference to the Equal Pay Act at the beginning of her Complaint, and then in Paragraph 40, she asserts in

14

conclusory fashion that she was paid less than an unidentified male counterpart in violation of the Equal Pay Act.  [Compl. ¶¶ 1, 40].

The Board Member Defendants assert that to the extent Plaintiff is attempting to assert a claim for violation of the Equal Pay Act, such claim is barred by the act's two-year statute of limitations.  [Doc. 11 at 6-7].

The Equal Pay Act is subject to a two-year statute of limitations unless the claim is based on a willful violation, in which case the claim is subject to a three-year statute of limitations.  See 29 U.S.C. § 255(a) ( "[E]very [cause of] action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."); Glenn v. General Motors Corp., 841 F.2d 1567, 1572 (11th Cir. 1988).  "[A]n Equal Pay Act claimant may only recover for the discriminatory pay received within the statute of limitations period."  Slattery v. Precision Response Corp., 167 F. App'x 139, 143 n.1 (11th Cir. 2006) (citing Ledbetter v. Goodyear Tire & Rubber Co., 421 F.3d 1169, 1180 n.15 (11th Cir. 2005)).

Plaintiff has not alleged a willful violation of the Equal Pay Act in her Complaint.  Therefore, Plaintiff's claim is subject to the two-year statute of limitations. Plaintiff's EEOC charge alleges that her employment with CCPS ended on June 30, 2016.  [Doc. 16-1 at 1].  The court docket shows that Plaintiff did not file her

complaint in this case until September 5, 2018, more than two years after her employment ended.   Thus, to the extent Plaintiff ever had a viable claim for discriminatory pay under the Equal Pay Act, her claim is time-barred.[4]

For this reason, I **RECOMMEND** that the Board Member Defendants' motion to dismiss Plaintiff's Equal Pay Act claim be **GRANTED**.

### 3.    State Law Tort Claims

Plaintiff's state law tort claims are also barred by the relevant statutes of limitation.

### a.  Libel and Slander

Plaintiff's Count Two state law tort claims for libel and slander are subject to a one-year statute of limitations.  See O.C.G.A. § 9-3-33 ( "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues."); Torrance v. Morris Pub. Grp., LLC, 281 Ga. App. 563, 567, 636 S.E.2d 740 (2006); Hammock v. Wal-Mart Stores, Inc., No. 1:10-cv-4119-SCJ, 2012

---

[4]   The timely filing of an employment discrimination charge with the EEOC does not toll the running of the limitation period applicable to the Equal Pay Act, nor is the "administrative machinery of Title VII ... a prerequisite for the institution of an action under the EPA."   Stansell v. Sherwin-Williams Co., 404 F. Supp. 696, 701 (N.D. Ga. 1974).

WL 12832385, at *2 (N.D. Ga. July 26, 2012) (concluding that the plaintiff's claim for libel was barred by Georgia's one-year statute of limitations).

Plaintiff's Complaint alleges that individual Board Member Defendants Goree and Anderson made disparaging remarks against Plaintiff, presumably in the context of the February 1, 2016 Board meeting at which Plaintiff's employment contract was non-renewed.  [Compl. ¶¶ 22, 42].  Thus, Plaintiff's claims against these defendants accrued no later than February 1, 2016 (or June 30, 2016 [the last day of Plaintiff's employment contract] at the latest).  Because Plaintiff did not file her lawsuit against Goree and Anderson until more than one year later, Plaintiff's Count Two claims for libel and slander are time-barred.  I therefore **RECOMMEND** that these claims be dismissed against individual Board Member Defendants Goree and Anderson.

### b.  Intentional Infliction of Emotional Distress

Plaintiff's Count Three claim for intentional infliction of emotional distress ("IIED") is also time-barred.  Under Georgia law, IIED claims are subject to a two-year statute of limitations.  O.C.G.A. § 9-3-33; Wilcoxson v. Matthews, No. 3:15-cv-116 (CDL), 2016 WL 9753355, at *6 (M.D. Ga. 2016); Risner v. R.L. Daniell & Assocs., P.C., 231 Ga. App. 750, 752, 500 S.E.2d 634, 635  (1998).  Because Plaintiff's claim

AO 72A
(Rev.8/82)

for IIED (to the extent she ever had one) accrued more than two years before filing her lawsuit, her IIED claim is time-barred and should be dismissed.

### 4.   Summary

For the reasons stated, I **RECOMMEND** that the Board Member Defendants' first motion to dismiss [Doc. 11] be **GRANTED**, and that Plaintiff's claims against them under Title VII in their individual and official capacities, Plaintiff's Equal Pay Act claim, and Plaintiff's state law tort claims be dismissed.[5]

### D.   The Board Member Defendants' Second Motion to Dismiss [Doc. 14]

In their second motion to dismiss, the Board Member Defendants argue that Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981") should be dismissed. [Doc. 14 at 2]. As noted above, Plaintiff has not filed a response in opposition to this motion.

Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by

---

[5]   In their first motion to dismiss, the Board Member Defendants have raised additional grounds for dismissal of Plaintiff's claims, including failure to satisfy pleading standards, failure to state a plausible claim, and sovereign immunity. Because I believe dismissal is warranted on the grounds discussed above, I have not reached these arguments. However, if I had, at a minimum, Plaintiff's race discrimination claim(s), her Equal Pay Act claim, and her IIED state law tort claim would also be subject to dismissal for failure to state a plausible claim.

AO 72A
(Rev.8/82)

white citizens...." 42 U.S.C. § 1981(a); <u>Edwards v. Fulton County</u>, No. 1:07-CV-3052-JOF, 2009 WL 996364, at *3 (N.D. Ga. Apr. 14, 2009) (citing 42 U.S.C. § 1981). "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." <u>Ferrill v. Parker Group, Inc.</u>, 168 F.3d 468, 472 (11th Cir. 1999) (citations omitted); <u>see also</u> <u>Saint Francis Coll. v. Al-Khazraji</u>, 481 U.S. 604, 613, 107 S. Ct. 2022, 2028 (1987) (noting that § 1981 has been construed to forbid all "racial" discrimination in the making of contracts).

Count One of Plaintiff's Complaint makes a passing reference to alleged discriminatory conduct on the bases of race and sex in violation of Section 1981. [Compl. ¶ 49]. Unlike Title VII, Section 1981 does not require that a plaintiff exhaust administrative remedies before filing an action in federal court. <u>Green</u>, 152 F. App'x at 841 (citing <u>Caldwell v. Nat'l Brewing Co.</u>, 443 F.2d 1044, 1045 (5th Cir. 1971) (holding that a plaintiff alleging discriminatory employment practices with regard to race "has an independent remedy under § 1981 without respect to exhaustion under Title VII")).

### 1.    Sex–Section 1981

Section 1981 applies only to discrimination claims based on race. <u>See</u> <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1316 n.23 (N.D. Ga. 2009); <u>see also</u>

Givens v. Chambers, 548 F. Supp. 2d 1259, 1269 (M.D. Ala. 2008) (stating that Section 1981 provides rights and remedies only with respect to racial discrimination; it does not prohibit discrimination on the basis of gender).  Thus, to the extent Plaintiff seeks to assert a claim for sex discrimination pursuant to Section 1981, I **RECOMMEND** that the Board Member Defendants' second motion to dismiss be **GRANTED**.

## 2.    Race–Section 1981

The Board Member Defendants argue that Plaintiff's Section 1981 race discrimination claim against them should also be dismissed because Section 1981 does not contain a cause of action against state actors or government defendants like themselves.  The Board Member Defendants argue that Plaintiff is required to use 42 U.S.C. § 1983 to assert claims based on 42 U.S.C. § 1981 against state actors. [Doc. 22 at 4-5].  Plaintiff has not disputed Defendants' contention that the Clayton County Board of Education is a governmental entity or that the Board Member Defendants are all state actors.

In her Complaint, Plaintiff has asserted Section 1981 claims against the Board Member Defendants (and CCPS) with no mention of 42 U.S.C. § 1983.  In Jett v. Dallas Independent School District, 491 U.S. 701, 735, 109 S. Ct. 2702, 2723 (1989),

the United States Supreme Court held that Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."  The Eleventh Circuit in <u>Butts v. County of Volusia</u>, 222 F.3d 891, 894 (11th Cir. 2000), concluded that "<u>Jett</u> still governs this case" and stated that "[Section] 1981(c) makes clear that the section creates a right that private or state actors may violate but does not itself create a remedy for that violation." <u>Id.</u>; <u>Webster v. Fulton County, Ga.</u>, 283 F.3d 1245, 1256 (11th Cir. 2002) (same); <u>Brown v. City of Fort Lauderdale,</u> 923 F.2d 1474, 1481-82 (11th Cir. 1991) (dismissing claims against individual and municipal defendants brought pursuant to Section 1981); <u>Buford v. City of Atlanta</u>, No. 1:06-CV-3089-TWT-JFK, 2007 WL 1341115, at *3 (N.D. Ga. Apr. 30, 2007) (dismissing all Section 1981 claims not brought under Section 1983); <u>Collier v. Clayton County Cmty. Serv. Bd.</u>, 236 F. Supp. 2d 1345, 1360 n.14 (N.D. Ga. 2002) ("A plaintiff can make *no* Section 1981 claim against a state actor, but can only proceed on claims otherwise cognizable under Section 1981 through a Section 1983 claim. That is, Section 1983 constitutes the exclusive remedy for violations of the rights contained in Section 1981.") (italics in original).

In sum, "Section 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in [Section] 1981 ... and there is no cause of action against state actors under [S]ection 1981." <u>Edwards</u>, 2009 WL 996364, at *3 (internal

quotation marks omitted).  This applies to government entities as well as to individual capacity state actors.  Taite v. Alabama Dep't of Pers., No. 2:11-cv-739-MHT, 2012 WL 3631619, at *5 (M.D. Ala. July 16, 2012) ("Although Jett involved a claim against a governmental entity, the Jett Court's rationale also extends to individual-capacity 'state actors.'").

The Board Member Defendants' first and second motions to dismiss put Plaintiff on notice that her Complaint fails to mention Section 1983 or to assert a claim for violation of Section 1981 through Section 1983.  Nor does Plaintiff's Complaint contain any factual allegations asserting that her injury results from the application of a policy or custom, as required to impose Section 1983 liability upon a governmental entity or official policy maker.  See Reynolds v. Glynn Co. Bd. of Educ., 968 F. Supp. 696, 704 (S.D. Ga. 1996).  Plaintiff is represented by counsel in this litigation. Plaintiff has not only failed to respond to the motions to dismiss; she has also had ample opportunity to amend her complaint to cure these deficiencies, but has failed to do so.

For the reasons stated, I **RECOMMEND** that the Board Member Defendants' second motion to dismiss [Doc. 14] be **GRANTED** on all of Plaintiff's Section 1981 claims.

AO 72A
(Rev.8/82)

**E.      Defendant Dr. Pam Adamson's Motion to Dismiss [Doc. 15]**

In paragraphs 7 and 36 of her Complaint, Plaintiff alleges that in the Board's closed session on February 1, 2016, Dr. Pam Adamson, in her role as Chair of the Clayton County Board of Education, violated Section 50-14-4(2) of Georgia's Open and Public Meetings Act ("GOPMA") "when she did not rule any discussion [to be] outside the permitted scope of the executive session relative to Plaintiff's contract." [Compl. ¶¶ 7, 36 (citing O.C.G.A. § 50-14-4(2))].  Dr. Adamson argues that to the extent Plaintiff alleges that she violated the GOPMA, Plaintiff's claim is time-barred and should be dismissed.  As noted above, Plaintiff has not filed any response to Dr. Adamson's motion to dismiss, thereby indicating no opposition to the motion.  LR 7.1(B).

The GOPMA's statute of limitations is set forth in O.C.G.A. § 50-14-1(b)(2). That provision, in pertinent part, provides as follows:

> Any action contesting a resolution, rule, regulation, ordinance, or other formal action of an agency based on an alleged violation of this provision shall be commenced within 90 days of the date such contested action was taken or, if the meeting was held in a manner not permitted by law, within 90 days from the date the party alleging the violation knew or should have known about the alleged violation so long as such date is not more than six months after the date the contested action was taken.

O.C.G.A. § 50-14-1(b)(2).

In this case, Plaintiff's Complaint alleges that Dr. Adamson violated the GOPMA in the Board meeting held on February 1, 2016.  [Compl. ¶¶ 7, 22, 36]. Plaintiff did not file her lawsuit until September 5, 2018, more than two years after the alleged violation occurred.  Accordingly, Plaintiff's GOPMA claim is untimely and should be dismissed as time-barred.  <u>See</u> <u>Tisdale v. City of Cumming</u>, 326 Ga. App. 19, 22-23, 755 S.E.2d 833 (2014) (affirming dismissal of GOPMA claim as barred by the act's statute of limitations where the plaintiff failed to file her lawsuit within 90 days of the meeting at issue).

For the reason stated, I **RECOMMEND** that Dr. Adamson's motion to dismiss Plaintiff's claim under Georgia's Open and Public Meetings Act [Doc. 15] be **GRANTED**.

### F.      Clayton County Public Schools' Motion to Dismiss [Doc. 18]

Finally, Defendant CCPS (alternatively, the "School District") has filed its motion to dismiss by special appearance on numerous grounds, pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6).  First and foremost, the School District asserts that it has never been properly served with Plaintiff's complaint and summons, and that it did not waive service.  [Doc. 18 at 6-7].

24

A party can move the court to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he [or she] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (citations omitted); Hilska v. Jones, 217 F.R.D. 16, 20 (D.D.C. 2003).

Rule 4(m) of the Federal Rules of Civil Procedure provides the time limit for service and the consequences of failing to provide proper service.  Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(l) requires that unless service is waived, proof of service must be made to the court.  Fed. R. Civ. P. 4(l).  Where the plaintiff fails to effect proper service within the 90-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure.  Fed. R. Civ. P. 4(m); Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D.D.C. 2004).  "Inadvertence or negligence on the

part of a plaintiff's attorney and the attorney's clerical employees does not constitute good cause." Taylor v. The Stanley Works, No. 4:01-cv-120, 2002 WL 32058966, at *6 (E.D. Tenn. July 16, 2002); Whitehead, 221 F.R.D. at 3 ("Mistake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause."). "Moreover, a defendant's actual notice of the complaint and lack of prejudice to the defendant are insufficient to demonstrate good cause." Taylor, 2002 WL 32058966, at *6 (citing Moncrief v. Stone, 961 F.2d 595, 596-97 (6th Cir. 1992)); but see Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008) (citing Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). "[T]he fact that Defendant may have had actual knowledge of the lawsuit is immaterial to whether this Court had jurisdiction over the Defendant as is conferred by properly effected service." Jean-Felix v. Chicken Kitchen USA, LLC, No. 10-23105-Civ, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (distinguishing Horenkamp on the basis that despite having counsel and being put on notice of faulty service, the plaintiff Jean-

26

Felix  never moved for an extension of time to properly serve the defendant, and never attempted to adequately serve the defendant, whereas in <u>Horenkamp</u>, the failure to timely serve was due to a mistake and the defendant was eventually properly served). "A defendant's actual notice is not sufficient to cure defectively executed service." <u>Laurent v. Potter</u>, 405 F. App'x 453, 454 (11th Cir. 2010) (quoting <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007)); <u>see also Boston v. Potter</u>, 185 F. App'x 853, 854 (11th Cir. 2006) ("Actual notice of a suit does not dispose of the requirements of service of process.") (citing <u>Manufacturers Hanover Trust Co. v. Ponsoldt</u>, 51 F.3d 938, 940 (11th Cir. 1995)).

Challenges to service of process will be waived, however, if not raised under Federal Rule of Civil Procedure 12.  <u>See Hemispherx Biopharma</u>, 553 F.3d at 1360. Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; *i.e.*, the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer.  <u>Id.</u> (citing Fed. R. Civ. P. 12(b), (g), (h); 1 Moore's Manual: <u>Federal Practice and Procedure</u> § 11.23 (2007); Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1391 (3d ed. 2004)).

27

The court docket indicates that Plaintiff filed her complaint initiating this action on September 5, 2018.  [Doc. 1, Compl.].  In paragraph 7 of her Complaint, Plaintiff asserts that Clayton County Schools is a subdivision of the State of Georgia, that it is subject to the jurisdiction of this Court, and that it may be "served with summons and complaint by serving Dr. Pam Adamson, Chair of the Board of the Clayton County Schools at 1058 Fifth Avenue, Jonesboro, Clayton County, Georgia."  [Compl. ¶ 7].

On November 7, 2018, the court docket indicates that waivers of service were filed on behalf of each of the individual Board Member Defendants, but there was no waiver of service filed for the School District.  [Docs. 3-10].

On December 20, 2018, the School District filed its answer to Plaintiff's Complaint, by special appearance, and asserted in its Eighteenth Defense that Plaintiff's claims against it were barred by Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficient process), and 12(b)(5) (insufficient service of process).  [Doc. 17, School District's Answer, at 4].  The School District's Answer put Plaintiff on notice that the School District was contending it had never been properly served with the summons and complaint.

On December 20, 2018, the School District also filed the instant motion to dismiss, again by special appearance, again putting Plaintiff on notice that it had never

28

been properly served with the summons and complaint. [Doc. 18, School District's Mot. to Dismiss, at 6-7].

Contrary to what Plaintiff set out in her complaint as to how proper service was to be made on the School District, the School District asserts that as an "other public body" under Georgia's service-of-process statute, O.C.G.A. § 9-11-4(e)(5), to be effective, service of process must consist of the complaint and summons being served on the "chief executive officer or clerk thereof." [Doc. 18 at 7, citing O.C.G.A. § 9-11-4(e)(5)]. The School District asserts that under Georgia law, the county school superintendent is the executive officer for the School District, and that the superintendent has never been served with the summons and complaint filed in this action. [Id., citing O.C.G.A. § 20-2-109]. Plaintiff's counsel is charged with having knowledge of the rules governing service in the jurisdiction in which he elects to bring suit on behalf of his client. Jean-Felix, 2013 WL 2243966, at *2.

Despite being put on notice (twice) that the School District contends it has never been properly served, the docket does not reflect that Plaintiff made any further efforts to perfect service on the School District or that Plaintiff ever requested a time extension from the Court within which to perfect service. Plaintiff has never filed a proof of service on the School District, or an executed waiver of service. Despite the School District's repeated challenges to the sufficiency of service of process, Plaintiff

29

has not filed a response to the School District's challenges; nor has she even attempted to show good cause for her failure to perfect service on the School District. Accordingly, Plaintiff has not satisfied her burden to show good cause for her failure to effect proper service within the 90-day time limit laid down by Rule 4(m). Whitehead, 221 F.R.D. at 1, 3.

As a result, this Court lacks personal jurisdiction over the School District. I therefore **RECOMMEND** that Defendant Clayton County Public Schools' motion to dismiss Plaintiff's Complaint [Doc. 18] be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** against the School District for failure to serve, failure to provide proof of service, and failure to prosecute, pursuant to Federal Rules of Civil Procedure 4(l), 4(m), 12(b)(2), 12(b)(4), and 12(b)(5), and Local Rule 41.3, NDGa.[6]

## III.  Conclusion

For the reasons stated herein, Defendants' motion to stay pretrial deadlines and discovery [Doc. 19] is **GRANTED**.  I **RECOMMEND** that the Board Member Defendants' motions to dismiss [Docs. 11, 14] and Defendant Dr. Pam Adamson's motion to dismiss [Doc.15] be **GRANTED** and that Plaintiff's claims against them be

---

[6]  Because this Court lacks personal jurisdiction over this defendant, I do not reach the other substantive bases presented in the School District's motion to dismiss.

**DISMISSED WITH PREJUDICE**.  I **FURTHER RECOMMEND** that Defendant Clayton County Public Schools' motion to dismiss [Doc. 18] be **GRANTED**, and that Plaintiff's claims against it be **DISMISSED WITHOUT PREJUDICE** for failure to serve, failure to provide proof of service, and failure to prosecute.  If the district judge adopts these recommendations, all the claims raised in Plaintiff's Complaint will be dismissed, and the case should be closed.

 **IT IS SO ORDERED AND RECOMMENDED**, this 20th day of February, 2019.


              _____

              CATHERINE M. SALINAS

              UNITED STATES MAGISTRATE JUDGE